IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARA JOYNER,

    Plaintiff,

    v.

DRURY HOTELS COMPANY LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-2350-TWT

# OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 22] and the Plaintiff's Motion to Voluntarily Dismiss [Doc. 32]. For the reasons set forth below, the Defendants' Motion for Summary Judgment is GRANTED [Doc. 22], and the Plaintiff's Motion to Voluntarily Dismiss [Doc. 32] is DENIED.

## I. Background[1]

This case arises from injuries that the Plaintiff Tamara Joyner sustained when she jumped into a shallow pool at the Drury Inn Atlanta Airport, owned and operated by the Defendants Drury Hotels Company LLC and DI Atlanta Airport, LLC. (Defs.' Statement of Undisputed Material Facts

---

[1] The operative facts on the Motion for Summary Judgment are taken from the Defendants' Statement of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B). As the Plaintiff here has not filed a response to the Motion, the Court deems the Defendants' Statement of Undisputed Material Facts admitted.

T:\ORDERS\23\Joyner\msjtwt.docx

¶ 1). Shortly after she entered the pool area, the Plaintiff cannonballed into the three-foot-deep pool without ascertaining the pool's depth and broke her ankle. (*Id.* ¶¶ 3–7, 15). The Plaintiff claims that numerous people sitting on the ledge of the pool obstructed the pool's depth markers, but a photo from the pool area shows approximately fourteen signs indicating the depth of the pool. (*Id.* ¶¶ 2, 7). The Plaintiff did not look for or see the depth signage before jumping in the pool, so she did not know the pool was only three-feet deep when she jumped in. (*Id.* ¶¶ 8–11). And she did nothing to confirm the depth of the pool before jumping in. (*Id.* ¶ 12).

The Plaintiff filed the present action in Fulton County State Court on April 16, 2023, bringing claims of premises liability and negligence under the non-delegable duty doctrine against the Defendants and certain unnamed corporate and individual defendants. The Defendants then removed the action to this Court on May 25, 2023. The Defendants now move for summary judgment as to all claims against them, and the Plaintiff moves to voluntarily dismiss the case without prejudice.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw

2

any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Defendants' lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III.   Discussion

The Defendants move for summary judgment as to the Plaintiff's claims for premises liability and negligence, arguing that the doctrine of avoidable consequences bars her claims. (Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 1–2). Rather than file a response brief in opposition, the Plaintiff moved to voluntarily dismiss the case without prejudice, arguing that her late-issued discovery requests do not amount to egregious delay and that the Defendants

will suffer no legal prejudice from dismissal. (Br. in Supp. of Pl.'s Mot. for Voluntary Dismissal, at 2–4). The Defendants oppose voluntary dismissal on the grounds that dismissal prejudices their rights as to their pending Motion for Summary Judgment. (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. for Voluntary Dismissal, at 2–4). The Court first considers the Motion to Voluntarily Dismiss and then the Motion for Summary Judgment.

### A. Voluntary Dismissal

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (citations omitted). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal. In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Stephens v. Ga. Dep't of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005) (citation omitted) (finding the district court did not abuse its discretion in declining to voluntarily dismiss without prejudice a complaint where extensive discovery had been conducted and numerous motions had been filed, including a motion for summary

judgment).

The Court concludes that the Plaintiff here is not entitled to voluntary dismissal of her claims without prejudice. *See id.* Like the defendant in *Stephens*, the Defendants have shown that they would be prejudiced by such a dismissal because they have conducted considerable discovery and because their Motion for Summary Judgment remains pending. And the Plaintiff offers no other reason that would support voluntary dismissal of her claims without prejudice, aside from her general allegation that the law favors a decision on the merits over an effective dismissal for failure to prosecute. Accordingly, the Plaintiff's Motion to Voluntarily Dismiss without prejudice should be denied.

### B. Summary Judgment

Turning to the merits of the case, the Defendants contend that they are entitled to summary judgment on the Plaintiff's claims under the doctrines of avoidable consequences, assumption of the risk, and plain view. (Br. in Supp. of Defs.' Mot. for Part. Summ. J., at 12–19). They also contend that the Plaintiff's failure to judge the depth of the water before cannonballing into the pool was the proximate cause of her injury, thereby precluding the Plaintiff's claims against them. (*Id.* at 19–23).

> The owner of a swimming facility is not an insurer of his invitees' safety. Owners face liability only if their negligence was the proximate cause of the injury. Invitees are under a duty to use their eyes to discover any defects or dangers. The simple denial of knowledge that a particular danger existed within a generally known hazard, without more, does not create an issue of fact.

*Craig v. Lakeshore Marine, Inc.*, 228 Ga. App. 141, 142 (1997) (citations omitted).

The Court concludes that the Defendants have carried their burden to show the absence of a genuine issue of material fact as to their alleged negligence. The uncontroverted evidence shows that the premises in question contained approximately fourteen depth markers warning invitees of the three-feet depth of the pool, (Defs.' Statement of Undisputed Material Facts ¶ 7), which, without more, precludes a finding of negligence on the Defendants' part. Because she declined to respond in opposition to the Defendants' motion, the Plaintiff has failed to present any affirmative evidence that could show a genuine issue of material fact exists that precludes summary judgment. "To rule that a jury issue remains would be to assume that the maintenance of any swimming pool necessarily involves an invitation to [cannonball] in blind reliance on the safety of such an act without any duty of the actor to use his or her sight, experience or judgment in ordinary care for his own safety." *Plantation at Lenox Unit Owners' Ass'n, Inc. v. Lee*, 196 Ga. App. 420, 422–23 (1990). Accordingly, the Defendants are entitled to summary judgment on the Plaintiff's claims of premises liability and negligence.

### IV.   Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED [Doc. 22], and the Plaintiff's Motion to Voluntarily

Dismiss [Doc. 32] is DENIED. The Clerk is DIRECTED to enter judgment in favor of the Defendants on all Counts and to close the case.

SO ORDERED, this   29th   day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge